UNITED STATES DISTRICT COURT
MDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DARNISHA STRAUGHTER,**
o/b/o J.M.R.,

    **Plaintiff,**

v.                                                         Case No.: 8: 21-cv-1844-AAS

**KILOLO KIJAKAZI,**
**Acting Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

# ORDER

    Darnisha Straughter, on behalf of her minor child, J.M.R., requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying J.M.R.'s claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. § 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the joint memorandum submitted by the parties, the Commissioner's decision is **AFFIRMED**.

## I.   BACKGROUND

### A.   Procedural Background

On July 1, 2019, Ms. Straughter applied for SSI on behalf of J.M.R. claiming disability beginning January 1, 2019.[1] (Tr. 96–102). Disability examiners denied Ms. Straughter's application at the initial and reconsideration levels. (Tr. 103–06, 108–15). Mr. Straughter requested and received a hearing before the ALJ. (Tr. 117–31). On October 19, 2020, the ALJ issued a decision finding J.M.R. not disabled. (Tr. 7–19). The Appeals Council denied Ms. Straughter's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6). Ms. Straughter now requests review of the Commissioner's final decision. (Doc. 1).

### B.   Factual Background and the ALJ's Decision

J.M.R. was born in 2009 and alleges disability beginning on January 1, 2019. (Tr. 96–102). J.M.R. was a school-age child on the date the SSI application was filed on July 1, 2019. (*Id.*).

---

[1] J.M.R was previously denied SSI benefits after a hearing and an unfavorable decision on May 22, 2018. (Tr. 45–52). In that decision, the ALJ engaged in the functional equivalence determination and concluded: (1) J.M.R. has no limitation in acquiring and using information; (2) J.M.R. has a less than marked limitation in attending and completing tasks; (3) J.M.R. has a marked limitation in interacting and relating with others; (4) J.M.R. has no limitation in moving and manipulating objects; (5) that J.M.R. has no limitation in the ability to care for himself; and (6) J.M.R. has a less than marked limitation in health and physical well-being. (Tr. 48–52)

2

In rendering his decision, the ALJ concluded J.M.R. had not engaged in substantial gainful activity since the application date.[2] (*Id.*). After conducting a hearing and reviewing the evidence, the ALJ determined J.M.R. had these severe impairments: "asthma, allergies, chronic sinusitis, chronic mucoid otitis media, hearing loss, obesity, and attention deficit hyperactivity disorder (ADHD)." (*Id.*). Notwithstanding these impairments, the ALJ determined J.M.R. did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listing). (*Id.*). The ALJ then concluded J.M.R. did not have an impairment or combination of impairments that functionally equals the severity of the Listings. (*Id*). In making this determination, the ALJ concluded J.M.R. has less than marked limitation in acquiring and using information, attending and completing tasks, and interacting and relating with others. (Tr. 12). In addition, the ALJ concluded J.M.R. has no limitation in moving about and manipulating objects. (*Id.*). Finally, the ALJ concluded J.M.R. has marked limitation in health and physical wellbeing. (*Id.*). Accordingly, the ALJ found J.M.R. not disabled. (Tr. 15).

---

[2] Although the ALJ mistakenly states the application date is June 13, 2019, it is correctly cited by the parties as July 1, 2019. (*See* Tr. 96).

3

## II. APPLICABLE STANDARDS

An individual younger than the age of eighteen is considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations and that can be expected to result in death or that has lasted, or can be expected to last, for at least twelve months. 42 U.S.C. § 1382c(a)(3)(C)(i).

Child disability claims are assessed under a three-step sequential analysis. 20 C.F.R. § 416.924(a). Under this process, the ALJ must determine, in sequence: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; and (3) whether the claimant's impairment or combination of impairments meets, medically equals, or functionally equals a Listing. *Id.*

To "meet" a Listing, a child must actually suffer from the limitations specified in the Listing. *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1279 (11th Cir. 2004). To "medically equal" the limitations found in a Listing, the child's limitations must be "at least of equal medical significance to those of a listed impairment." *Id.* (citing 20 C.F.R. § 416.926). Alternatively, if a child's impairment does not meet or medically equal a Listing, a child may still be found disabled if the child's impairment "functionally equals" a Listing, which is determined by the extent to which the impairment limits the child's

ability to function in these six domains of life: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.*; 20 C.F.R. § 416.926a(b)(1)(i)–(vi). A child's limitations "functionally equal" those in the Listings, and thus constitute a disability, if the child's limitations are "marked" in two of the six domains or are "extreme" in one of the six domains. 20 C.F.R. § 416.926a(a), (d). A child's limitation is "marked" when it is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). A marked limitation "interferes seriously" with a child's "ability to independently initiate, sustain, or complete activities." *Id.* An "extreme" limitation is a limitation that is "more than marked" and "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

A determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles*

*v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## III. ANALYSIS

Ms. Straughter raises two issues on appeal: (1) whether the ALJ properly considered the evidence in making his functional equivalence determination, and (2) whether the ALJ erred in his evaluation of J.M.R.'s ability to function

in the domains of interacting and relating with others and attending to and completing tasks. (Doc. 29, pp. 10–13, 16–19).

### A. Functional Equivalence Determination

Ms. Straughter contends the ALJ failed to properly consider the evidence in making his functional equivalence determination. (Doc. 29, pp. 10–13). In response, the Commissioner argues the ALJ properly evaluated the relevant objective evidence from the relevant period and determined J.M.R. did not meet or equal the requirements of the Listings. (*Id.* at pp. 13–16).

An ALJ assessing functional equivalence, "look[s] at the information in [the] case record about how [the claimant's] functioning is affected during all of [their] activities. . . . [including] everything [the claimant] does at home, at school, and in [the] community.... [and] how appropriate, effectively, and independently [the claimant] perform[s] [the] activities compared to the performance of other children [their] age who do not have impairments." 20 C.F.R. § 416.926a(b). Even if "the evidence might suggest that [the claimant's] impairments were more severe than the ALJ concluded, [if] the record as a whole contains sufficient evidence for a reasonable person to accept the ALJ's conclusion that [the] impairments did not . . . functionally equal a listed impairment [then] . . . substantial evidence supports the ALJ's decision." *Dunlop v. Comm'r of Soc. Sec.,* 518 F. App'x 691, 693 (11th Cir. 2013) (citing

7

*Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)). And, even if "the evidence might suggest that [the claimant's] impairments were more severe than the ALJ concluded, [if] the record as a whole contains sufficient evidence for a reasonable person to accept the ALJ's conclusion that [the] impairments did not . . . functionally equal a listed impairment [then] . . . substantial evidence supports the ALJ's decision." *Id.*

The ALJ must consider all evidence in the record and "assess the interactive and cumulative effects of all the impairments for which [he has] evidence." 20 C.F.R. §§ 416.926a(a), 416.924a(a). Because the ALJ reviews the record as a whole to determine the claimant's functional limitations, the information will come from many sources, including medical sources, medical opinions, parents, and teachers. 20 C.F.R. § 416.926a(b)(3). An ALJ looks to "all the relevant information in [the] case record that helps [ ] determine [the claimant's] functioning, including [any] signs, symptoms, and laboratory findings, the descriptions [ ] have about [ ] functioning from [ ] parents, teachers, and other people who know [the claimant]." 20 C.F.R. § 416.926a(e)(1).

The ALJ thoroughly evaluated the limited objective evidence from the relevant period beginning in January 2019 and determined J.M.R. did not

8

meet or equal the requirements of the Listings.[3] (Tr. 11). The ALJ's found the opinions from the state agency consultants were partially persuasive based on the supportability and consistency with the objective findings. (Tr. 11–15). In 2019 and 2020, J.M.R. was placed on a Section 504 school plan allowing him additional time for breaks, extra time to complete classwork, and more frequent reminders to stay on tasks to address deficits in attention and focus. (Tr. 187–92, 238–61). In February 2019, Erwin Jackson, M.D. prescribed J.M.R. with an increased dose of Vyvanse for ADHD. (Tr. 464). On examination, J.M.R. exhibited normal mood/affect and thought content, logical thought processes, intact memory, and good insight/judgment. (*Id.*). In May 2019, J.M.R. had improved and was "doing well" with academics and had no medication side-effects. (Tr. 462–63). J.M.R. exhibited normal mood/affect and thought content, logical thought processes, intact memory, and good insight/judgment. (*Id.*).

In August 2019, Pamela Kynkor, speech and language pathologist, performed an evaluation and noted J.M.R. exhibited above-average expressive

---

[3] Ms. Straughter does not address how the record evidence demonstrates greater functional limitations than those imposed by the ALJ. Rather, Ms. Straughter relies on *Davenport o/b/o D.H. v. Kijakazi*, No. CV 2:20-00487-N, 2022 WL 956177 (S.D. Ala. Mar. 29, 2022), in support of her argument that the ALJ did not apply the proper analysis because of the "bullet-point format" of his findings. (*See* Doc. 29, pp. 10–13). While the court in *Davenport* addresses the commonly used "bullet-point format," it was not that court's sole basis for remand. 2022 WL 956177, at *9.

language skills and sustained attention and focus while listening to spoken paragraphs and questions. (Tr. 475–78). Ms. Kynkor diagnosed mixed receptive language disorder but indicated appropriate skills "within normal functional limits." (*Id.*).

In November 2019, J.M.R. exhibited normal mood/affect and thought content, logical thought processes, intact memory, and good insight/judgment. (Tr. 507–08). In February and May 2020, Dr. Jackson again evaluated J.M.R and noted normal mood/affect and thought content, logical thought processes, intact memory, and good insight/judgment. (Tr. 570, 572–73). Thus, the ALJ's analysis is supported by and consistent with generally normal objective findings.

### B. Domains of Interacting and Relating with Others and Attending to and Completing Tasks

Ms. Straughter contends the ALJ's evaluation of J.M.R.'s ability to function in the domains of interacting and relating with others and attending to and completing tasks is not supported by substantial evidence. (Doc. 29, pp. 16–19).

#### 1. Interacting and Relating with Others

Ms. Straughter contends the Commissioner is bound by a prior adjudicative decision finding J.M.R. has a marked limitation in the domain of interacting and relating with others. (*See* Tr. 48–52). In support of her

contention, Ms. Straughter cites the nonbinding authority of *Albright v. Comm'r Soc. Sec. Admin*, 174 F.3d 473, 477 (4th Cir. 1999).[4]

The Eleventh Circuit has held that administrative res judicata does not apply when a claimant's current application involves an unadjudicated period. *See Torres v. Comm'r of Soc. Sec.*, 819 F. App'x 886, 887–89 (11th Cir. 2019); *see also Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 844 (11th Cir. 2014) (holding the ALJ properly declined to give the prior ALJ decision res judicata effect as the ALJ's prior decision adjudicated a different time period); *McKinzie v. Comm'r of Soc. Sec.*, 362 F. App'x 71, 73 (11th Cir. 2010) (holding the ALJ did not err in declining to give preclusive effect or defer to a prior finding because the application at issue concerned an unadjudicated time period); *Moreno v. Astrue*, 366 F. App'x 23, 27 (11th Cir. 2010) (holding that the ALJ did not err in declining to give preclusive effect to a prior RFC assessment because the application concerned an unadjudicated time period). Because the ALJ's disability determination in this case was based on an unadjudicated period of time, the ALJ was not bound by res judicata principles and did not err in failing to follow the findings in the prior ALJ's decision or in failing to apply the previous findings.

---

[4] This district has specifically declined to extend the Fourth Circuit's rule requiring discussion of prior adjudicative decision. *See Griffin v. Astrue*, No. 8:11-cv1524-FtM-29SPC, 2012 WL 3151569, at *8 (M.D. Fla. Aug 2, 2012).

Ms. Straughter does not provide argument beyond the ALJ's refusal to be bound by the findings in a prior administrative decision.[5] (*See* Doc. 29, pp. 17–22). As the ALJ recognized, state agency consultants indicated a "less that marked" limitation in this area. (Tr. 11–15). Despite reports academic problems and increasing symptoms, J.M.R. was treated conservatively with medication and his dosage was appropriately increased without side-effects. (Tr. 462–63, 464, 507–08, 570, 572–73). In addition, Dr. Jackson repeatedly noted generally normal objective examination findings including normal mood/affect and thought content, logical thought processes, intact memory, and good insight/judgment. (Tr. 462–63, 464, 570, 572–73). Substantial evidence supports the ALJ's finding that J.M.R. suffered from less than a marked limitation in the domain of interacting and relating with others.

### 2. Attending and Completing Tasks

The domain of attending and completing tasks examines a child's ability to focus and maintain attention and finish activities at an appropriate pace. 20 C.F.R. § 416.926a(h). School-aged children "should be able to focus [ ] attention in a variety of situations in order to follow directions, remember and organize [ ] school materials, and complete classroom and homework assignments." 20

---

[5] It is the claimant who "bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

C.F.R. § 416.926a(h)(2)(iv). Nonexclusive examples demonstrating limitations in attending and completing tasks are the child requiring extra supervision or being easily startled, distracted, overreactive, sidetracked, distracting to others, easily frustrated, and quick to quit tasks. 20 C.F.R. § 416.926a(h)(3)(i)–(v).

Substantial evidence supports the ALJ's finding that J.M.R. has less than a marked limitation in attending and completing tasks. In 2019 and 2020, J.M.R. was placed on a school plan that allowed him additional time for breaks, extra time to complete classwork, and more frequent reminders to stay on tasks to address deficits in attention and focus. (Tr. 187–92, 238–61). J.M.R. was treated conservatively with Vyvanse. (Tr. 462–64, 507-08, 570–73). Dr. Jackson repeatedly noted generally normal objective examination findings including normal mood/affect and thought content, logical thought processes, intact memory, and good insight/judgment. (*Id.*). In addition, Ms. Kynkor indicated J.M.R possessed above-average expressive language skills, and sustained attention and focus while listening to spoken paragraphs and questions. (Tr. 476). Ms. Kynkor diagnosed J.M.R. with mixed receptive language disorder but showed appropriate skills "within normal functional limits." (Tr. 475–78).

\* \* \* \*

Substantial evidence supports the ALJ's decision that J.M.R.'s limitations did not functionally equal a Listing, although evidence in the record shows that J.M.R. has some limitations in interacting and relating with others and in attending and completing tasks. *See Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015) (affirming the ALJ's decision that a child's limitations were less than marked even though the evidence showed that the child suffers from some limitation).

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that the decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment in favor of the Commissioner and close the case.

**ENTERED** in Tampa, Florida on September 23, 2022.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge

14